## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

---------------------------------------------------------x

In re:                                                  :          Chapter 7
                                                        :
DSI RENAL HOLDINGS LLC,                                 :          Case No. 11-_____ (____)
                                                        :
                        Debtor.                         :
                                                        :
---------------------------------------------------------x


# STATEMENT OF FINANCIAL AFFAIRS


YOUNG CONAWAY STARGATT & TAYLOR, LLP
The Brandywine Building
1000 West Street, 17th Floor
Wilmington, Delaware 19801
Telephone: (302) 571-6600
Facsimile: (302) 571-1253

*Counsel for the Debtor*

*These Global Notes regarding the Debtors' Schedules of Assets and Liabilities (the "Schedules") and Statement of Financial Affairs (the "SOFAs") comprise an integral part of the Schedules and SOFAs and should be referred to and considered in connection with any review of them.*

1.  DSI Renal Holdings LLC, DSI Facility Development, LLC, and DSI Hospitals, Inc. (each a "Debtor" and, collectively, the "Debtors") prepared these unaudited Schedules and SOFA pursuant to section 521 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 1007 of the Federal Rules of Bankruptcy Procedure. Except where otherwise noted (a) the information provided herein is as of the close of business on June 2, 2011, and (b) values of assets provided represent values as of such date. While the Debtors have made every reasonable effort to ensure that the Schedules and SOFAs are accurate and complete, based upon information that was available to them at the time of preparation, inadvertent errors or omissions may exist and the subsequent receipt of information and/or further review and analysis of the Debtors' books and records may result in changes to financial data and other information contained in the Schedules and SOFAs. Moreover, because the Schedules and SOFAs contain unaudited information, which is subject to further review and potential adjustment, there can be no assurance that the Schedules and SOFAs are complete or accurate.

2.  In reviewing and signing the Schedules and SOFAs, one the Debtors' Executive Vice Presidents (the "Vice President") has necessarily relied upon the efforts, statements and representations of other personnel and professionals of the Debtors. The Vice President has not (and could not have) personally verified the accuracy of each such statement and representation, including but not limited to, statements and representations concerning amounts owed to creditors and their addresses.

3.  The Debtors reserve the right to amend their Schedules and SOFAs as may be necessary or appropriate in the Debtors' sole and absolute discretion, including, but not limited to, the right to assert offsets or defenses to (which rights are expressly preserved), or to dispute, any claim reflected on the Schedules as to amount, liability or classification, or to otherwise subsequently designate any claim as "disputed," "contingent" or "unliquidated." These Global Notes will apply to all such amendments. Furthermore, nothing contained in the Schedules shall constitute a waiver of the Debtors' rights with respect to these chapter 7 cases and specifically with respect to any issues involving substantive consolidation, equitable subordination and/or causes of action arising under the provisions of chapter 5 of the Bankruptcy Code and other relevant non-bankruptcy laws to recover assets or avoid transfers, or an admission relating to the same.

4.  Any failure to designate a claim listed on the Debtors' Schedules as "disputed," "contingent" or "unliquidated" does not constitute an admission by the Debtors that such amount is not "disputed," "contingent" or "unliquidated." Additionally, the dollar amounts of claims listed may be exclusive of contingent and additional unliquidated amounts. Further, the claims of individual creditors for, among other things, goods, services or taxes are listed as the amounts entered on the Debtors' books and records and may not reflect credits or allowances due from such creditors to the Debtors or setoffs applied by such creditors against amounts due by such creditors to the Debtors with respect to other transactions between them. The Debtors reserve all of their rights with respect to any such credits and allowances.

5.  Some of the Debtors' scheduled assets and liabilities are unknown and/or unliquidated as of June 2, 2011. In such cases, the amounts are listed as "unknown." Accordingly, the Schedules may not accurately reflect the aggregate amount of the Debtors' assets and liabilities.

6.   At times, the preparation of the Schedules and the SOFA required the Debtors to make estimates and assumptions that affect the reported amounts of assets and liabilities, the disclosures of contingent assets and liabilities, the reported amounts of expenses during the reporting period, and/or other matters. Actual results could differ from those estimates. Pursuant to Fed. R. Bankr. P. 1009, the Debtors may amend their Schedules as they deem necessary and appropriate to reflect material changes, if any, that arise during the pendency of their chapter 7 cases. In addition, the Debtors reserve the right to dispute or to assert offsets or defenses to any claim listed on the Schedules.

7.   Given the differences between the information requested in the Schedules and the financial information utilized under generally accepted accounting principles in the United States ("GAAP"), the aggregate asset values and claim amounts set forth in the Schedules may not necessarily reflect the amounts that would be set forth in a balance sheet prepared in accordance with GAAP.

8.   For the purposes of Schedule B, the Schedules identify the direct ownership interests of any Debtor in any subsidiary or partnership, but exclude any indirect ownership of a subsidiary or partnership.

9.   For the purposes of Schedule B, question 2, and SOFA question 11, DSI Hospitals, Inc. was, and the Debtors believe currently is, the nominal account holder of a certain bank account with SunTrust Bank, account number XXXXXXXXX1708. Historically, Bucks County Oncoplastic Institute was the beneficial interest holder in this account, however, and this account has been turned over to the custody of the chapter 7 trustee for Bucks County Oncoplastic Institute.

10.  For the purposes of Schedule B, question 9, that certain policy number 004022559 identified in response to Schedule B, question 9 on the Schedules of DSI Renal Holdings LLC also provides directors' and officers' tail coverage to the directors and officers of DSI Facility Development, LLC and DSI Hospitals, Inc., but has not been separately identified on the Schedules of DSI Facility Development, LLC and DSI Hospitals, Inc.

11.  For the purposes of Schedule B, question 21, the Debtors, despite their efforts, may not have listed all of their causes of action against third parties as assets in the Schedules and SOFAs. Further, the Debtors have not listed any potential actions arising under chapter 5 of the Bankruptcy Code. The Debtors reserve all of their rights with respect to any causes of action they may have, whether or not listed as assets in the Schedules and SOFAs, and neither these Global Notes nor the Schedules and SOFAs shall be deemed a waiver of any such causes of action.

12.  For the purposes of Schedule D, the amount of any claims listed thereon reflect principal only, and not post-judgment interest, fees or other expenses. The amount of any claims listed on Schedule D is subject to allowance pursuant to section 506 of the Bankruptcy Code.

13.  For the purpose of Schedule D, the inclusion of that certain claim of Siemens Financial Services, Inc. on the Schedules of DSI Renal Holdings LLC as a secured claim is without prejudice to the rights of the Debtors and Young Conaway Stargatt & Taylor, LLP to assert that the attachment described therein was not properly perfected and/or is otherwise an ineffective and void attachment.

14.  The Debtors have not determined whether, and to what extent, any of the creditors identified on Schedule E are actually entitled to priority under section 507 of the Bankruptcy Code. The Debtors

reserve the right to assert that claims identified on Schedule E are not claims that are entitled to priority.

15. For the purposes of the Schedules, the Debtors have only scheduled claims and executory contracts for which any given Debtor may be contractually and/or directly liable. No claims have been scheduled for which a Debtor may have benefited directly or indirectly from a contractual relationship to which that Debtor was not a named party. Notwithstanding the foregoing, however, the Debtors have scheduled claims that may be asserted against any given Debtor by trade creditors who may have received purchase orders from affiliates of that Debtor with that Debtor listed as the entity to be billed, or for some other reason. These claims are listed on Schedule F as disputed claims. Many of these claims have been scheduled as claims in the chapter 7 bankruptcy case of Bucks County Oncoplastic Institute, LLC, Case Number 3:09-bk-03570, pending in the United States Bankruptcy Court for the Middle District of Tennessee.

16. The Debtors hereby reserve all of their rights to dispute the validity, status or enforceability of any contract, agreement, or lease set forth on Schedule G that may have expired or may have been modified, amended, and supplemented from time to time by various amendments, restatements, waivers, estoppel certificates, letters and other documents, instruments, and agreements which may not be listed on Schedule G. Any lease or contract listed on Schedule G may contain certain renewal options, guarantees of payment, options to purchase, rights of first refusal, and other miscellaneous rights. Such rights, powers, duties and obligations are not set forth on Schedule G. Certain executory agreements may not have been memorialized in writing and could be subject to dispute. In addition, the Debtors may have entered into various other types of agreements in the ordinary course of their businesses, such as subordination, non-disturbance and attornment agreements, supplemental agreements, amendments/letter agreements, title agreements and/or confidentiality agreements. Such documents may not be set forth on Schedule G. The Debtors reserves all of their rights to dispute or challenge the characterization of the structure of any transaction, or any document or instrument (including without limitation, any intercompany agreement) related to a creditor's claim. In the ordinary course of business, the Debtors may have entered into agreements, written or oral, for the provision of certain services on a month-to-month or at-will basis. Such contracts may not be included on Schedule G. However, the Debtors reserve the right to assert that such agreements constitute executory contracts.

17. Listing a contract or agreement on Schedule G does not constitute an admission that such contract or agreement is an executory contract or unexpired lease. The Debtors reserves all rights to challenge whether any of the listed contracts, leases, agreements or other documents constitute an executory contract or unexpired lease. Any and all of the Debtors' rights, claims and causes of action with respect to the contracts and agreements listed on Schedule G are hereby reserved and preserved.

18. With respect to SOFA questions 1 and 2, the books and records of each Debtor reflect either no income or income with a negative value, both as to income from operations and income from sources other than operations. Items such as vendor refunds and tax refunds have not been treated as income for purposes of SOFA questions 1 and 2. Additionally, operating results of subsidiaries were reflected in the books and records of DSI Renal Holdings LLC and DSI Hospitals, Inc. as income prior to January 2010, but have not been treated as income for the purpose of SOFA questions 1 and 2.

19. With respect to SOFA question 3(b), payments to bankruptcy counsel listed in response to SOFA question 9 are omitted from the responses to this question.

20. With respect to SOFA questions 3(c) and 23, the listing of any person or entity is not intended to be nor shall it be construed as a legal characterization of such party as an insider, and does not act as an admission of any fact, claim, right or defense, and all such rights, claims and defenses are hereby reserved.

21. With respect to SOFA question 19(d), while the Debtors from time to time may have furnished financial statements to other parties, it is not the practice of the Debtors to maintain records of such transmittal.

22. The Debtors and their officers, employees, attorneys, professionals and agents do not guarantee or warrant the accuracy, completeness, or currentness of the data that is provided herein and shall not be liable for any loss or injury arising out of or caused in whole or in part by the acts, errors or omissions, whether negligent or otherwise, in procuring, compiling, collecting, interpreting, reporting, communicating or delivering the information contained herein.  The Debtors and their officers, employees, attorneys, professionals and agents expressly do not undertake any obligation to update, modify, revise or re-categorize the information provided herein or to notify any third party should the information be updated, modified, revised or re-categorized.  In no event shall the Debtors or their officers, employees, attorneys, professionals and/or agents be liable to any third party for any direct, indirect, incidental, consequential or special damages (including, but not limited to, damages arising from the disallowance of any potential claim against the Debtors or damages to business reputation, lost business or lost profits), whether foreseeable or not and however caused.

B 7 (Official Form 7) (04/10)

# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

In re:  DSI RENAL HOLDINGS LLC_____          Case No. 11-_____ (___)
           Debtor.

                                                          Chapter 7

# STATEMENT OF FINANCIAL AFFAIRS

This statement is to be completed by every debtor. Spouses filing a joint petition may file a single statement on which the information for both spouses is combined. If the case is filed under chapter 12 or chapter 13, a married debtor must furnish information for both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. An individual debtor engaged in business as a sole proprietor, partner, family farmer, or self-employed professional, should provide the information requested on this statement concerning all such activities as well as the individual's personal affairs. To indicate payments, transfers and the like to minor children, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian " Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

Questions 1 - 18 are to be completed by all debtors. Debtors that are or have been in business, as defined below, also must complete Questions 19 - 25. **If the answer to an applicable question is "None," mark the box labeled "None."** If additional space is needed for the answer to any question, use and attach a separate sheet properly identified with the case name, case number (if known), and the number of the question.

*DEFINITIONS*

*"In business."* A debtor is "in business" for the purpose of this form if the debtor is a corporation or partnership. An individual debtor is "in business" for the purpose of this form if the debtor is or has been, within six years immediately preceding the filing of this bankruptcy case, any of the following: an officer, director, managing executive, or owner of 5 percent or more of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or self-employed full-time or part-time. An individual debtor also may be "in business" for the purpose of this form if the debtor engages in a trade, business, or other activity, other than as an employee, to supplement income from the debtor's primary employment.

*"Insider."* The term "insider" includes but is not limited to: relatives of the debtor; general partners of the debtor and their relatives; corporations of which the debtor is an officer, director, or person in control; officers, directors, and any owner of 5 percent or more of the voting or equity securities of a corporate debtor and their relatives; affiliates of the debtor and insiders of such affiliates; any managing agent of the debtor. 11 U.S.C. § 101.

---

**1. Income from employment or operation of business**

None     State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of
☒       the debtor's business, including part-time activities either as an employee or in independent trade or business, from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the two years immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.) If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

                   AMOUNT                                     SOURCE

B 7 (Official Form 7) (04/10)

**2. Income other than from employment or operation of business**

None    State the amount of income received by the debtor other than from employment, trade, profession, operation of the
☒    debtor's business during the **two years** immediately preceding the commencement of this case. Give particulars. If a
joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter
13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a
joint petition is not filed.)

AMOUNT                                    SOURCE

---

**3. Payments to creditors**

None    a. *Individual or joint debtor(s) with primarily consumer debts:* List all payments on loans, installment purchases of
☒    goods or services, and other debts to any creditor made within **90 days** immediately preceding the commencement of
this case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $600.
Indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or
as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling
agency. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses
whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

None    b. *Debtor whose debts are not primarily consumer debts:* List each payment or other transfer to any creditor made within
☒    **90 days** immediately preceding the commencement of the case unless the aggregate value of all property that
constitutes or is affected by such transfer is less than $5,850*. If the debtor is an individual, indicate with an asterisk
(*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative
repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency. (Married debtors
filing under chapter 12 or chapter 13 must include payments and other transfers by either or both spouses whether or not
a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS/ TRANSFERS | AMOUNT PAID OR VALUE OF TRANSFERS | AMOUNT STILL OWING |
|---|---|---|---|

---

*Amount subject to adjustment on 4/01/13, and every three years thereafter with respect to cases commenced on or
after the date of adjustment.*

B 7 (Official Form 7) (04/10)

None

☒ c. *All debtors:* List all payments made within **one year** immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR AND RELATIONSHIP TO DEBTOR | DATE OF PAYMENT | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

**4. Suits and administrative proceedings, executions, garnishments and attachments**

None

☐ a. List all suits and administrative proceedings to which the debtor is or was a party within **one year** immediately preceding the filing of this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND LOCATION | STATUS OR DISPOSITION |
|---|---|---|---|
| **JAMES FLOOR COVERING V. DSI HOLDING COMPANY, INC. (CASE NO. 10C-3574)** | **TO COLLECT MONEYS OWED FOR SERVICES FOR AFFILIATE** | **DAVIDSON COUNTY (TN) GENERAL SESSIONS COURT** | **DEFAULT JUDGMENT** |
| **MEDLINE INDUSTRIES, INC. V. DSI HOLDING COMPANY, INC. (CASE NO. 09 L 001290)** | **TO COLLECT MONEYS OWED FOR SERVICES FOR AFFILIATE** | **CIRCUIT COURT OF COOK COUNTY (IL.), LAW DIVISION** | **PENDING** |
| **EVA M. LEMEH, TRUSTEE V. DSI HOLDING COMPANY, INC. (CASE NO. 309-0372A)** | **RECOVERY OF MANAGEMENT FEES PAID BY DEBTOR** | **UNITED STATES BANKRUPTCY COURT FOR THE MIDDLE DISTRICT OF TENNESSEE** | **PENDING** |
| **JOHNSON CONTROLS V. DSI HOLDING COMPANY, INC. (CASE NO. 09-2235-II)** | **TO COLLECT MONEYS OWED FOR SERVICES FOR AFFILIATE** | **DAVIDSON COUNTY (TN) CHANCERY COURT** | **DEFAULT JUDGMENT ENTERED** |

B 7 (Official Form 7) (04/10)

| | | | |
|---|---|---|---|
| SIEMENS FINANCIAL SERVICES, INC. V. DSI HOLDING COMPANY, INC. (CASE NO. N10C-03-186) | BREACH OF GUARANTY | NEW CASTLE COUNTY (DE) SUPERIOR COURT | DEFAULT JUDGMENT ENTERED |
| MPT OF BUCKS COUNTY V. DSI HOLDING COMPANY, INC. ET AL. (CASE NO. N09C-11-160) | BREACH OF GUARANTY | NEW CASTLE COUNTY (DE) SUPERIOR COURT | SETTLED |

None
☐

   b. Describe all property that has been attached, garnished or seized under any legal or equitable process within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON FOR WHOSE BENEFIT PROPERTY WAS SEIZED | DATE OF SEIZURE | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| SIEMENS FINANCIAL SERVICES, INC. 170 WOOD AVENUE SOUTH ISELIN, NJ 08830 | FEBRUARY 2011 | ATTACHMENT OF $4,545.31 HELD AS RETAINER BY YOUNG CONAWAY STARGATT & TAYLOR, LLP |

**5. Repossessions, foreclosures and returns**

None
☒

List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR OR SELLER | DATE OF REPOSSESSION, FORECLOSURE SALE, TRANSFER OR RETURN | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| | | |

B 7 (Official Form 7) (04/10)

**6. Assignments and receiverships**

None ☒

a. Describe any assignment of property for the benefit of creditors made within **120 days** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF ASSIGNEE | DATE OF ASSIGNMENT | TERMS OF ASSIGNMENT OR SETTLEMENT |
|---|---|---|

None ☒

b. List all property which has been in the hands of a custodian, receiver, or court-appointed official within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CUSTODIAN | NAME AND LOCATION OF COURT CASE TITLE & NUMBER | DATE OF ORDER | DESCRIPTION AND VALUE Of PROPERTY |
|---|---|---|---|

**7. Gifts**

None ☒

List all gifts or charitable contributions made within **one year** immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient. (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON OR ORGANIZATION | RELATIONSHIP TO DEBTOR, IF ANY | DATE OF GIFT | DESCRIPTION AND VALUE OF GIFT |
|---|---|---|---|

**8. Losses**

None ☒

List all losses from fire, theft, other casualty or gambling within **one year** immediately preceding the commencement of this case **or since the commencement of this** case. (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| DESCRIPTION AND VALUE OF PROPERTY | DESCRIPTION OF CIRCUMSTANCES AND, IF LOSS WAS COVERED IN WHOLE OR IN PART BY INSURANCE, GIVE PARTICULARS | DATE OF LOSS |
|---|---|---|

B 7 (Official Form 7) (04/10)

**9. Payments related to debt counseling or bankruptcy**

None
☐

List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of a petition in bankruptcy within **one year** immediately preceding the commencement of this case.

| NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT, NAME OF PAYER IF OTHER THAN DEBTOR | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| YOUNG CONAWAY STARGATT & TAYLOR, LLP 1000 WEST STREET, 17TH FLOOR WILMINGTON, DE 19899-0391 | MAY 2, 2011 DSI RENAL, INC. | $8,500.00 |
| YOUNG CONAWAY STARGATT & TAYLOR, LLP 1000 WEST STREET, 17TH FLOOR WILMINGTON, DE 19899-0391 | MAY 2, 2011 DSI RENAL HOLDINGS LLC | $6,500.00 |
| YOUNG CONAWAY STARGATT & TAYLOR, LLP 1000 WEST STREET, 17TH FLOOR WILMINGTON, DE 19899-0391 | MAY 24, 2011 DSI RENAL HOLDINGS LLC | $5,000.00 |
| YOUNG CONAWAY STARGATT & TAYLOR, LLP 1000 WEST STREET, 17TH FLOOR WILMINGTON, DE 19899-0391 | JUNE 3, 2011 DSI RENAL, INC. | $23,000.00 |

---

**10. Other transfers**

None
☐

a. List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within **two years** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF TRANSFEREE, RELATIONSHIP TO DEBTOR | DATE | DESCRIBE PROPERTY TRANSFERRED AND VALUE RECEIVED |
|---|---|---|
| DSI RENAL, INC., AFFILIATE OF DEBTOR | JAN. 11, 2010 | TRANSFERRED RECEIVABLES AND CERTAIN FIXED ASSETS; RECEIVED $28,858 AND ASSUMPTION OF CERTAIN LIABILITIES |

None
☒

b. List all property transferred by the debtor within **ten years** immediately preceding the commencement of this case to a self-settled trust or similar device of which the debtor is a beneficiary.

| NAME OF TRUST OR OTHER DEVICE | DATE(S) OF TRANSFER(S) | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY OR DEBTOR'S INTEREST IN PROPERTY |
|---|---|---|

B 7 (Official Form 7) (04/10)

---

**11. Closed financial accounts**

None
☒

List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within **one year** immediately preceding the commencement of this case. Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions. (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF INSTITUTION | TYPE OF ACCOUNT, LAST FOUR DIGITS OF ACCOUNT NUMBER, AND AMOUNT OF FINAL BALANCE | AMOUNT AND DATE OF SALE OR CLOSING |
|---|---|---|

---

**12. Safe deposit boxes**

None
☒

List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF BANK OR OTHER DEPOSITORY | NAMES AND ADDRESSES OF THOSE WITH ACCESS TO BOX OR DEPOSITORY | DESCRIPTION OF CONTENTS | DATE OF TRANSFER OR SURRENDER, IF ANY |
|---|---|---|---|

---

**13. Setoffs**

None
☒

List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within **90 days** preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATE OF SETOFF | AMOUNT OF SETOFF |
|---|---|---|

---

**14.  Property held for another person**

None
☒

List all property owned by another person that the debtor holds or controls.

| NAME AND ADDRESS OF OWNER | DESCRIPTION AND VALUE OF PROPERTY | LOCATION OF PROPERTY |
|---|---|---|

B 7 (Official Form 7) (04/10)

---

**15. Prior address of debtor**

None
□        If debtor has moved within three years immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case. If a joint petition is filed, report also any separate address of either spouse.

ADDRESS                          NAME USED                       DATES OF OCCUPANCY


511 UNION STREET                 SAME                            PRIOR TO JULY 2010
SUITE 1800
NASHVILLE, TN 37219

---

B 7 (Official Form 7) (04/10)

### 16. Spouses and Former Spouses

None
☒

If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within **eight years** immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state.

NAME

---

### 17. Environmental Information.

For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state, or local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes, or material.

"Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to, disposal sites.

"Hazardous Material" means anything defined as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under an Environmental Law.

None
☒

a. List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law. Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law:

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|

None
☒

b. List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material. Indicate the governmental unit to which the notice was sent and the date of the notice.

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|

None
☒

c. List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law with respect to which the debtor is or was a party. Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number.

| NAME AND ADDRESS OF GOVERNMENTAL UNIT | DOCKET NUMBER | STATUS OR DISPOSITION |
|---|---|---|

---

### 18 . Nature, location and name of business

None
☐

a. *If the debtor is an individual,* list the names, addresses, taxpayer-identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing

B 7 (Official Form 7) (04/10)

executive of a corporation, partner in a partnership, sole proprietor, or was self-employed in a trade, profession, or other activity either full- or part-time within **six years** immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

*If the debtor is a partnership,* list the names, addresses, taxpayer-identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities, within six years immediately preceding the commencement of this case.

*If the debtor is a corporation,* list the names, addresses, taxpayer-identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

| NAME ADDRESS | LAST FOUR DIGITS OF SOCIAL SECURITY OR INDIVIDUAL TAXPAYER ID NO. (ITIN)/ COMPLETE EIN | NATURE OF BUSINESS | BEGINNING AND ENDING DATES |
|---|---|---|---|
| DSI FACILITY DEVELOPMENT, LLC | EIN 20-2214298 | CONSTRUCTION MANAGEMENT | 1/05 – CURRENT |
| DSI HOSPITALS, INC. | EIN 90-0222787 | OPERATED HOSPITALS | 3/04 – CURRENT |
| DSI RENAL, INC. | EIN 20-2694671 | OPERATED OUTPATIENT DIALYSIS FACILITIES | 4/06 – 1/10 |

None    b. Identify any business listed in response to subdivision a., above, that is "single asset real estate" as
☒    defined in 11 U.S.C. § 101.

       NAME                        ADDRESS

---

The following questions are to be completed by every debtor that is a corporation or partnership and by any individual debtor who is or has been, within **six years** immediately preceding the commencement of this case, any of the following: an officer, director, managing executive, or owner of more than 5 percent of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership, a sole proprietor, or self-employed in a trade, profession, or other activity, either full- or part-time.

*(An individual or joint debtor should complete this portion of the statement only if the debtor is or has been in business, as defined above, within six years immediately preceding the commencement of this case. A debtor who has not been in business within those six years should go directly to the signature page.)*

---

**19. Books, records and financial statements**

None    a. List all bookkeepers and accountants who within two years immediately preceding the filing of this

B 7 (Official Form 7) (04/10)

☐        bankruptcy case kept or supervised the keeping of books of account and records of the debtor.

| NAME AND ADDRESS | DATES SERVICES RENDERED |
|---|---|
| **LEIF MURPHY**<br>**424 CHURCH STREET, SUITE 1900**<br>**NASHVILLE, TENNESSEE** | **OCTOBER 2008 - CURRENT** |
| **ALAN FOX**<br>**FORMERLY: 424 CHURCH STREET, SUITE 1900**<br>**NASHVILLE, TENNESSEE** | **NOVEMBER 2007 – MARCH 2010** |
| **BETH WORKMAN**<br>**424 CHURCH STREET, SUITE 1900**<br>**NASHVILLE, TENNESSEE** | **MARCH 2010 – CURRENT]** |

None
☐        b. List all firms or individuals who within two years immediately preceding the filing of this bankruptcy
           case have audited the books of account and records, or prepared a financial statement of the debtor.

| NAME | ADDRESS | DATES SERVICES RENDERED |
|---|---|---|
| **KPMG LLP** | **401 COMMERCE STREET**<br>**SUITE 1000**<br>**NASHVILLE, TN 37219** | **2006-2009** |

None
☐        c. List all firms or individuals who at the time of the commencement of this case were in possession of the
           books of account and records of the debtor. If any of the books of account and records are not available, explain.

| NAME | ADDRESS |
|---|---|
| **DSI RENAL HOLDINGS LLC** | **424 CHURCH STREET**<br>**SUITE 1900**<br>**NASHVILLE, TN 37219** |

None
☐        d. List all financial institutions, creditors and other parties, including mercantile and trade agencies, to whom a
           financial statement was issued by the debtor within **two** years immediately preceding the commencement of this
           case.

| NAME AND ADDRESS | DATE ISSUED |
|---|---|
| **SIEMENS FINANCIAL**<br>**SERVICES, INC.**<br>**170 WOOD AVENUE SOUTH**<br>**ISELIN, NJ 08830** | **12/2010** |

---

**20. Inventories**

None
☒        a. List the dates of the last two inventories taken of your property, the name of the person who supervised the
           taking of each inventory, and the dollar amount and basis of each inventory.

                                                                                                    DOLLAR AMOUNT

B 7 (Official Form 7) (04/10)

|  | DATE OF INVENTORY | INVENTORY SUPERVISOR | OF INVENTORY<br>(Specify cost, market or other basis) |
|---|---|---|---|

None ☒   b. List the name and address of the person having possession of the records of each of the inventories reported in a., above.

|  | DATE OF INVENTORY |  | NAME AND ADDRESSES<br>OF CUSTODIAN<br>OF INVENTORY RECORDS |
|---|---|---|---|

---

### 21 . Current Partners, Officers, Directors and Shareholders

None ☒   a. If the debtor is a partnership, list the nature and percentage of partnership interest of each member of the partnership.

| NAME AND ADDRESS | NATURE OF INTEREST | PERCENTAGE OF INTEREST |
|---|---|---|

---

None ☐   b. If the debtor is a corporation, list all officers and directors of the corporation, and each stockholder who directly or indirectly owns, controls, or holds 5 percent or more of the voting or equity securities of the corporation.

| NAME AND ADDRESS | TITLE | NATURE AND PERCENTAGE<br>OF STOCK OWNERSHIP |
|---|---|---|
| CENTRE BREGAL PARTNERS, L.P.<br>C/O CENTRE PARTNERS MGMT., LLC<br>30 ROCKEFELLER PLAZA, 50TH FLOOR<br>NEW YORK, NY 10020 | MEMBER | 40% |
| THE NORTHWESTERN MUTUAL<br>LIFE INSURANCE COMPANY<br>720 EAST WISCONSIN AVENUE<br>MILWAUKEE, WI 53202 | MEMBER | 15% |
| PPM AMERICA PRIVATE<br>EQUITY FUND II LP<br>225 WEST WACKER DRIVE, SUITE 1200<br>CHICAGO, IL 60606 | MEMBER | 12% |
| CENTRE CAPITAL INVESTORS IV, L.P.,<br>30 ROCKEFELLER PLAZA, 50TH FLOOR<br>NEW YORK, NY 10020 | MEMBER | 6% |
| AXA CO-INVESTMENT FUND II FCPR<br>20 PLACE VENDOME 75001<br>PARIS, FRANCE | MEMBER | 6% |

B 7 (Official Form 7) (04/10)

| | |
|---|---|
| LEIF MURPHY | CEO/PRESIDENT/DIRECTOR |
| JAY A. YALOWITZ | EXECUTIVE VICE PRESIDENT/SECRETARY |
| JUDY LEFKOVITZ | ASSISTANT SECRETARY |
| BRUCE POLLACK | DIRECTOR |
| MICHAEL SCHNABEL | DIRECTOR |

B 7 (Official Form 7) (04/10)

**22 . Former partners, officers, directors and shareholders**

None
☒
a. If the debtor is a partnership, list each member who withdrew from the partnership within **one year** immediately preceding the commencement of this case.

| NAME | ADDRESS | DATE OF WITHDRAWAL |
|------|---------|--------------------|

None
☒
b. If the debtor is a corporation, list all officers or directors whose relationship with the corporation terminated within **one year** immediately preceding the commencement of this case.

| NAME AND ADDRESS | TITLE | DATE OF TERMINATION |
|------------------|-------|---------------------|

**23 . Withdrawals from a partnership or distributions by a corporation**

None
☒
If the debtor is a partnership or corporation, list all withdrawals or distributions credited or given to an insider, including compensation in any form, bonuses, loans, stock redemptions, options exercised and any other perquisite during **one year** immediately preceding the commencement of this case.

| NAME & ADDRESS OF RECIPIENT, RELATIONSHIP TO DEBTOR | DATE AND PURPOSE OF WITHDRAWAL | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|-----------------------------------------------------|--------------------------------|-----------------------------------------------------|

**24.- Tax Consolidation Group.**

None
☐
If the debtor is a corporation, list the name and federal taxpayer-identification number of the parent corporation of any consolidated group for tax purposes of which the debtor has been a member at any time within **six years** immediately preceding the commencement of the case.

| NAME OF PARENT CORPORATION | TAXPAYER-IDENTIFICATION NUMBER (EIN) |
|----------------------------|--------------------------------------|
| **DSI RENAL HOLDINGS LLC (CURRENT)** | 56-2564512 |
| **DSI HOLDING COMPANY (FORMER)** | 68-0615878 |

B 7 (Official Form 7) (04/10)

---

**25. Pension Funds.**

None
☒

If the debtor is not an individual, list the name and federal taxpayer-identification number of any pension fund to which the debtor, as an employer, has been responsible for contributing at any time within **six years** immediately preceding the commencement of the case.

NAME OF PENSION FUND          TAXPAYER-IDENTIFICATION NUMBER (EIN)

B 7 (Official Form 7) (04/10)

*[If completed by an individual or individual and spouse]*

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct.

Date _____

Signature
of Debtor    _____

Signature of
Joint Debtor
(if any)

Date _____    _____

*[If completed on behalf of a partnership or corporation]*

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct to the best of my knowledge, information and belief.

Date  June 3, 2011    Signature _____

Print Name and
Title

*[An individual signing on behalf of a partnership or corporation must indicate position or relationship to debtor.]*

continuation sheets attached

*Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §152 and 3571*

---

**DECLARATION AND SIGNATURE OF NON-ATTORNEY BANKRUPTCY PETITION PREPARER (See 11 U.S.C. § 110)**

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required by that section.

_____    _____
Printed or Typed Name and Title, if any, of Bankruptcy Petition Preparer    Social-Security No. (Required by 11 U.S.C. § 110.)

*If the bankruptcy petition preparer is not an individual, state the name, title (if any), address, and social-security number of the officer, principal, responsible person, or partner who signs this document.*

_____

Address

_____    _____
Signature of Bankruptcy Petition Preparer    Date

Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual:

If more than one person prepared this document, attach additional signed sheets conforming to the appropriate Official Form for each person

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 18 U.S.C. § 156.*

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

---------------------------------------------------x

In re:                                           :        Chapter 7
                                                 :
DSI RENAL HOLDINGS LLC,                          :        Case No. 11-_____ (____)
                                                 :
             Debtor.                             :
                                                 :
---------------------------------------------------x

## DECLARATION CONCERNING
## DEBTOR'S STATEMENT OF FINANCIAL AFFAIRS

I, Jay A. Yalowitz, the Executive Vice President and Secretary of the debtor in the above-captioned case, declare under penalty of perjury that I have read the foregoing Statement of Financial Affairs, and that the answers contained therein are true and accurate to the best of my knowledge, information and belief.

Date:    June 3, 2011
         Nashville, Tennessee


Jay A. Yalowitz
Executive Vice President and Secretary