IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| In re | Chapter 7 |
|---|---|
| DSI RENAL HOLDINGS, LLC, *et al.*,[1] | Case No.: 11-11722 (KJC) (Jointly Administered) |
| Debtors. | Objections Due: January 23, 2012 at 4:00 p.m. Hearing Date: February 21, 2012 at 11:00 a.m. |

## THE CHAPTER 7 TRUSTEE'S APPLICATION FOR AUTHORITY TO EMPLOY AND RETAIN KAUFMAN, COREN & RESS, P.C., *NUNC PRO TUNC* TO JANUARY 5, 2012, AS SPECIAL COUNSEL, PURSUANT TO 11 U.S.C. § 327(e)

Alfred T. Giuliano, the Chapter 7 Trustee (the "Trustee") for the chapter 7 estates of the above-captioned debtors (collectively, the "Debtors") hereby files the Chapter 7 Trustee's Application for Authority to Employ and Retain Kaufman, Coren & Ress, P.C., *Nunc Pro Tunc* to January 5, 2012, as Special Counsel, Pursuant to 11 U.S.C. § 327(e). In support of the Application, the Trustee represents as follows:

### BACKGROUND

1. On June 3, 2011 (the "Petition Date"), the Debtors each filed a voluntary petition for relief under chapter 7 of Title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), in the United States Bankruptcy Court for the District of Delaware (the "Court").

2. Subsequently, the Office of the United States Trustee for the District of Delaware appointed the Trustee as chapter 7 trustee for the Debtors' estates, which appointment remains in effect.

3. On June 21, 2011, the Trustee filed his Motion of Trustee for Order Directing Joint Administration of Chapter 7 Cases Pursuant to Fed. R. Bankr. P. 1015(b) [D.I. 11].

---

[1] The Debtors in these chapter 7 cases and the last four digits of each Debtor's federal EIN are DSI Renal Holdings LLC (4512); DSI Facility Development LLC (4298); and DSI Hospitals, Inc. (2787).

4. On July 27, 2011, the Court entered its order directing joint administration of the Debtors' cases for procedural purposes only [D.I. 25].

## JURISDICTION AND VENUE

5. This Court has jurisdiction to consider the Application pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this District pursuant to 28 U.S.C. §§ 1408 and 1409.

## RELIEF REQUESTED

6. By the Application, the Trustee respectfully requests authority to employ and retain Kaufman, Coren & Ress, P.C. ("KC&R"), *nunc pro tunc* to January 5, 2012 (the date the Trustee executed KC&R's fee agreement), as special counsel to the Trustee pursuant to Bankruptcy Code section 327(e). In support of KC&R's retention, the Trustee submits the declaration of Steven M. Coren (the "Coren Declaration") executed in accordance with Bankruptcy Code section 327, Federal Rules of Bankruptcy Procedure 2014 and 2016, and Del. Bankr L.R. 2014-1 attached as Exhibit A.

## BASIS FOR RELIEF

7. Bankruptcy Code section 327(e) authorizes a debtor to retain an attorney for a special purpose. The Trustee's proposed retention of KC&R as special counsel falls squarely within the scope and purpose of section 327(e).

8. KC&R is a law firm with its office located in Philadelphia, Pennsylvania. The Trustee seeks to retain KC&R as special counsel because of KC&R's extensive experience and knowledge with respect to litigation matters, including director and officer litigation matters, preference recoveries, fraudulent transfers, and the investigation and litigation of causes of action related thereto. The Chapter 7 Trustee believes that KC&R is both well-qualified and uniquely able to represent him in these matters in a most efficient and timely manner.

9. Specifically, the professional services that KC&R will provide to the Trustee include, but are not limited to, the following:

   a) investigate various transactions, relationships, dealings, transfers and agreements by, between, among or with respect to the Debtors, former officers and directors of the Debtors, equity holders and note holders of the Debtors, other insiders and their affiliates, various third parties, prior counsel to the Debtors and other professionals of or service providers to the Debtors, including those transactions, relationships, dealings, transfers and agreements embodied, contemplated or executed in connection with that certain Global Restructuring Agreement date January 11, 2010 by and among DSI Holding Company, Inc., DSI Renal Holdings LLC, CDSI I Holding Company, Inc., CDSI II Holding Company, Inc., DSI Renal, Inc., and others;

   b) pursue any claims or matters as the Trustee shall desire with respect to any claims, causes of action or other theories of recovery against one or more of the parties identified above relating to the described transactions or other matters identified by the Trustee (collectively, the "Litigation Claims"), including claims for preference, fraudulent conveyance, breach of fiduciary duty, aiding and abetting breach of fiduciary duty, corporate waste, successor liability, and equitable subordination;

   c) assist the Trustee in the preparation of necessary applications, complaints, answers, orders, reports and all other pleadings with respect to the Litigation Claims; and

   d) provide any and all other legal services to the Trustee which may be necessary or desirable with respect to the Litigation Claims.

10. KC&R and founding shareholder, Steven M. Coren ("Coren") have extensive experience in matters of litigation involving bankruptcy, insolvency, corporate reorganization, debtor/creditor law, and related litigation and commercial litigation matters, including the following:

   a) KC&R has recovered hundreds of millions of dollars for a variety of individual and business clients, and bankruptcy trustees, including more than $150 million on behalf of a bankruptcy trustee of a failed sub-prime lender in one of the first cases to arise out of the melt-down of the sub-prime mortgage industry;

   b) An article surveying Pennsylvania verdicts/settlements for 2009 reported Coren and KC&R as having the first ($100 million) and seventh ($20

million) largest verdicts/settlements for that year. <u>The Legal Intelligencer</u>, March 9, 2010 (Supplement), p.7;

c) In 2005, KC&R and Coren litigated to verdict or settled four cases resulting in eight figure verdicts or settlements (with a combined potential value exceeding $70 Million). Coren and KC&R were reported as the only attorneys in Pennsylvania to have had two of the ten largest verdicts in that year. *See* PA Law 2005, Annual Report of the Legal Profession, p. 9 (ALM Media, Inc.);

d) Coren and KC&R have handled numerous, complex, multi-million dollar commercial cases representing trustees, debtors, and creditors (in the bankruptcy context), and entities and individuals (in the non-bankruptcy context), in a variety of matters, including:

  i. <u>In re American Business Financial Services, Inc.</u>, Bankr. D. Del., Case No. 05-10203 (MFW): (a) Recovered $100 million settlement of aiding and abetting claims brought by a chapter 7 trustee of a failed sub-prime lender against several Wall Street investment banks that had extended warehouse financing and had served as underwriters for the failed lender's securitization of sub-prime mortgages. The case – filed in 2006 – was one of the first to come to trial in state court arising out of the melt-down of the sub-prime mortgage industry; (b) Recovered $20 million on behalf of Chapter 7 trustee in claims against the Debtor's former attorneys; (c) Recovered $16.5 million settlement on behalf of Chapter 7 trustee in claims against the Debtor's former officers and directors; (d) Recovered $17.5 million in connection with claims against the Debtor's former auditor; and (e) Representing Chapter 7 trustee in claims against DIP lender and others;

  ii. <u>In re The Brown Schools, Inc.</u>, Bankr. D. Del., Case No. 05-10841 (MFW) (represented chapter 7 trustee and estates to recover damages against former officers, directors and counsel, asserted claims for, *inter alia*, breach of fiduciary duty, fraudulent transfer and civil conspiracy) (settled for $5.1 Million);

  iii. <u>Busy Bee, et al. v. Wachovia Bank, N.A.</u>, C.C.P, Lackawanna County, 97-CIV05078 (recovered $24 million judgment against national bank – which included $7 million punitive damage award; prevailed on claims for breach of contract, breach of fiduciary duty, fraudulent misrepresentation, and negligent misrepresentation);

  iv. <u>Philadelphia Television Network, Inc. v. Reading Broadcasting, Inc.</u>, CCP, Phila. County, August Term, 2001, No. 1663 (obtained eight figure verdict in breach of contract case involving dispute over programming and other rights with respect to a television station);

4

v. In re ATS Products Corp., Bankr. E.D. Pa., Case No. 01-13220 (successfully represented chapter 7 trustee in lender liability litigation) (recovered eight figure settlement);

vi. In re Blatstein, 192 F.3d 88 (3d Cir. 1999) (prevailed in litigation on behalf of two chapter 7 trustees, asserted claims of fraudulent transfer and breach of fiduciary duty against individual debtor, his wife and various entities owned by the debtor and his wife; recovered a business that was fraudulently transferred and monetary payments to the estates in excess of $3 million);

vii. In re Total Containment, Bankr. E.D. Pa., Case No. 04-13144 (represented chapter 11 trustee in claims for, *inter alia*, breach of fiduciary duty, aiding and abetting breach of fiduciary duty, fraudulent transfer and deepening of the insolvency; asserted claims against shareholders, former officers and directors, and other related parties, and settled for in excess of $6 million; settled potential claims against national bank and received consideration including $500,000 paid to the estate, and subordination of lender's $4 million claim);

viii. Reading International, Inc. v. Equipment Leasing Associated 1995-VI Limited Partnership, et al., Del. Superior Court, Case No. 02C-10-233 (recovered approximately $1.8 million in litigation asserting fraudulent misrepresentation and other claims against promoters and appraisers);

ix. Asousa Partnership v. Pinnacle Foods, Inc., Bankr. E.D. Pa., Adv. Pro. No. 01-974 (recovered $1.6 million judgment on behalf of chapter 11 debtor);

x. O'Neill, et al. v. Citizens Bank of Pennsylvania et al., C.C.P. Phila. Cty., (represented local real estate developer in lender liability litigation against former lender); and,

xi. Citizens Bank of Pennsylvania v. Malvern Hill Associates, L.P., et al., (represented real estate developer in defending against numerous mortgage foreclosure actions and confession of judgment proceedings involving real estate projects in Chester County, Montgomery County and Bucks County; defended claims in excess of $80 million).

11. KC&R attorneys have broad-based experience and a respected reputation in commercial and bankruptcy litigation. Through KC&R, the Trustee will have the benefit of such knowledge and experience.

12. As such, the Trustee's proposed retention of KC&R as special counsel is appropriate under Bankruptcy Code section 327(e).

## TERMS OF RETENTION

13. Pursuant to Bankruptcy Code section 327(e), the Trustee requests the Court approve the retention of KC&R as special counsel to advise the Trustee with regard to the investigation and, if necessary, the litigation of the Litigation Claims. Attached as <u>Exhibit B</u> is a copy of KC&R's fee agreement dated January 5, 2012 (the "<u>Fee Agreement</u>") laying out the scope, terms and conditions of KC&R's engagement by the Trustee. While this Application summarizes the provisions of the Fee Agreement, interested parties are directed to read the Fee Agreement in its entirety.

14. Due to KC&R's reputation and expertise as litigation counsel, the Trustee believes that KC&R is uniquely qualified to assist the Trustee in investigating and, potentially, pursuing the Litigation Claims set forth in the Fee Agreement for the benefit of the estates and their creditors.

15. KC&R will carefully coordinate its efforts with the Trustee's general bankruptcy counsel in these cases, Fox Rothschild LLP, and any other professionals retained by the Trustee in order to clearly delineate its duties to prevent any duplication of efforts. The Trustee believes that rather than resulting in any extra expense to the Debtors' estates, the efficient coordination of efforts of counsel will greatly add to the efficient administration in these chapter 7 cases.

16. It is necessary that the Trustee employ KC&R to render the foregoing professional services. KC&R has stated its desire and willingness to act with respect to the Litigation Claims

during these chapter 7 cases and render the necessary professional services as special counsel. To the best of the Trustee's knowledge, KC&R and its partners, counsel, and associates do not have any connection with or any interest adverse to the Trustee, the Debtors, or any material connection with their creditors, or any other parties-in-interest, or their respective attorneys and accountants with respect to these bankruptcy cases or the matters for which KC&R is to be retained, except as may be set forth in the Coren Declaration.

17. Pursuant to Bankruptcy Code section 328(a), the Trustee may retain KC&R on any reasonable terms and conditions. The Trustee understands that KC&R intends to apply for compensation for professional services rendered in connection with this proceeding, subject to Court approval in accordance with Bankruptcy Code section 330, on a contingency fee basis of 35% of the gross recoveries, plus reimbursement of expenses related to claims in the event a recovery is obtained. For reference purposes, however, the principal attorneys presently designated to represent the Trustee and their current standard hourly rates are:

    a) Coren $600 per hour;

    b) Other Partners $500 per hour;

    c) Associates $200-325 per hour; and

    d) Of Counsel $500 per hour.

18. The Trustee has been informed that Steven M. Coren, as well as other partners, counsel, and associates of KC&R who will be performing services for Trustee in these chapter 7 cases are duly admitted to practice law in one or more states and are members in good standing of the courts in which they are admitted to practice. Any of the KC&R attorneys who are not already admitted to practice before the Court, and whose appearance before the Court is necessary and appropriate, will seek admission *pro hac vice*.

19. To the best of the Trustee's knowledge, information, and belief, KC&R represents

no interest adverse to the Trustee, the Debtors or to their estates in the matters for which KC&R is proposed to be retained. Furthermore, KC&R has informed the Trustee that, except as qualified in the Coren Declaration, KC&R has no materially adverse connection with the Trustee, the Debtors, their creditors, any other party-in-interest, their respective attorneys and accountants, the United States Trustee for the District of Delaware, or any person employed by the Office of the United States Trustee for the District of Delaware in the above-captioned chapter 7 cases.

20. The Trustee has also been advised that (i) no partner or employee of KC&R is related or connected to any employee of the Office of the United States Trustee for the District of Delaware or the Office of the Clerk of Court for the United States Bankruptcy Court for the District of Delaware and (ii) no partner or employee of KC&R is related to or connected with any of the Bankruptcy Judges currently serving in the United States Bankruptcy Court for the District of Delaware.

21. The Trustee submits that the employment of KC&R would be in the best interests of the Trustee, the Debtors, their estates, and creditors. To the Trustee's knowledge, information and belief regarding the matters set forth in this Application are based, and made in reliance, upon said declaration.

22. The Trustee submits that the retention of KC&R on the terms and conditions set forth in the Fee Agreement is in the best interests of the Debtors, their estates, the Debtors' creditors, and all parties-in-interest.

## NOTICE AND NO PRIOR REQUEST

23. Notice of the Application has been provided to the Office of the United States Trustee for the District of Delaware and all parties requesting service pursuant to Fed. R. Bankr. P. 2002.

24. No prior request for the relief requested herein has been made to this or any other court.

WHEREFORE, the Trustee respectfully request entry of an order substantially in the form of the attached Exhibit C (i) approving the Trustee's employment and retention of KC&R upon the terms and conditions set forth in the Fee Agreement and (ii) granting such other and further relief as the Court deems just and proper.

Dated: January 6, 2012

_____
Alfred T. Giuliano
Chapter 7 Trustee for the Estates of DSI Renal Holdings, LLC